# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| MATTHEW POLLACK and <br> JANE QUIRION, <br><br> Plaintiffs, <br><br> v. <br><br> JESSICA FOURNIER, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 2:18-cv-308-NT <br> ) <br> ) <br> ) <br> ) <br> ) |

**ORDER ON MOTION TO REMAND**

Before me is the Plaintiffs' motion to remand (ECF No. 13) to state court their Amended Complaint asserting four state law claims: one count of abuse of process, two counts of wrongful use of civil proceedings, and one count of violation of the Maine Civil Rights Act ("**MCRA**"). The Defendant opposes remand. For the reasons stated below, I **GRANT** the Plaintiffs' motion to remand.

**PROCEDURAL BACKGROUND**

The parties are familiar with the background of this case and so I only highlight a few legally pertinent facts. Plaintiffs Matthew Pollack and Jane Quirion are parents to B.P., a student with disabilities. Am. Compl. ¶¶ 4, 5 (ECF No. 9). The Plaintiffs previously filed two lawsuits in this Court against the local school district and various district employees arising out of disagreements about educational opportunities for B.P. and allegedly retaliatory actions taken against the Plaintiffs

and B.P.[1] The Plaintiffs spent almost seven years engaged in intensive litigation of their claims. Ultimately, after due process hearings, extensive motions practice, a jury trial, and two appeals, they came up empty-handed. *See Pollack v. Reg'l Sch. Unit 75*, 886 F.3d 75 (1st Cir. 2018); *Pollack v. Reg'l Sch. Unit 75*, 660 F. App'x 1 (1st Cir. 2016); *Pollack v. Reg'l Sch. Unit 75*, No. 2:13-CV-109-NT, 2017 WL 1592264 (D. Me. Apr. 28, 2017); *Pollack v. Reg'l Sch. Unit 75*, No. 2:13-CV-109-NT, 2016 WL 335860 (D. Me. Jan. 27, 2016). The Defendant here, Jessica Fournier, B.P.'s special-education teacher from August of 2010 until June of 2012 was not a party to the previous cases, although her alleged actions were central to the Plaintiffs' grievances. *See* Am. Compl. ¶ 6.

In July of 2018, the Plaintiffs filed a seven-count Complaint against Fournier in the Maine Superior Court alleging the four state law claims listed above, as well as claims for unlawful retaliation under the First Amendment to the U.S. Constitution, 29 U.S.C. § 794 (the Rehabilitation Act), and 42 U.S.C. § 12203 (the Americans with Disabilities Act). Compl. (ECF No. 5-2). The Defendant removed the Complaint to this Court and filed a motion to dismiss. Notice of Removal (ECF No. 1); Def.'s Mot. to Dismiss (ECF No. 8). The Defendant's notice of removal asserts that this Court has federal question jurisdiction over the claims alleged in the Complaint because they arise under federal law. Notice of Removal 2. In her motion to dismiss, the Defendant argues that the majority of the Plaintiffs' claims are barred by the

---

[1] *See Pollack v. Regional School Unit 75*, No. 2:14-cv-215-NT, and *Pollack v. Regional School Unit 75*, No. 2:13-cv-109-NT. The cases were consolidated.

doctrine of res judicata and the remaining state law claims are barred by the statute of limitations, failure to provide notice, and failure to state a claim.[2] Def.'s Mot. to Dismiss 1.

Approximately two weeks after the Defendant filed her motion to dismiss, the Plaintiffs filed an Amended Complaint, in which they dropped their three federal claims and asserted only the four state law claims. Am. Compl. The Plaintiffs then moved to remand their case to state court. Pls.' Mot. to Remand.

## DISCUSSION

### I. Original Jurisdiction

With the dismissal of the Plaintiffs' federal claims, the Amended Complaint no longer contains an explicit federal cause of action. *See BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997). The Defendant argues that at the heart of each of the Plaintiffs' state law claims is a claim that they were retaliated against for exercising rights protected by the First Amendment, the Rehabilitation Act, and the Americans with Disabilities Act. The Defendant contends that even though the Plaintiffs abandoned their federal claims in their Amended Complaint, federal question jurisdiction still exists under three theories. First, she contends that the artful pleading doctrine applies; next, she claims that a federal claim preclusion defense supplies the jurisdictional toehold; and

---

[2] The Defendant also filed a motion to dismiss pursuant to 14 M.R.S. § 556, Maine's anti-SLAPP statute. Special Mot. To Dismiss (ECF No. 17).

finally, she argues that there are embedded federal questions in each of the Plaintiffs' state law claims.

### A. The Well-Pleaded Complaint Rule

Under federal law,

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States of the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). Federal district courts have "original jurisdiction" over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. There is no "single, precise definition" for the statutory phrase "arising under," and the phrase "masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8 (1983).

"The gates of federal question jurisdiction are customarily patrolled by a steely-eyed sentry—the 'well-pleaded complaint rule.' " *BIW Deceived*, 132 F.3d at 831 (citation omitted). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A plaintiff, as "master of the claim," can "avoid federal jurisdiction by exclusive reliance on state law." *Id.*

### B. The Artful Pleading Exception

The Defendant charges the Plaintiffs with "artfully pleading" what are essentially federal claims to avoid federal jurisdiction. Def.'s Obj. 6-7 (ECF No. 20).

The artful pleading doctrine is "an 'independent corollary' to the well-pleaded complaint rule." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). "The doctrine empowers courts to look beneath the face of the complaint to divine the underlying nature of a claim, to determine whether the plaintiff has sought to defeat removal by asserting a federal claim under state-law colors." *BIW Deceived*, 132 F.3d at 831. Under the artful pleading doctrine, the Defendant must show that Congress intended to completely preempt the field.[3] *Rivet*, 522 U.S. at 475. The Defendant, however, does not and cannot argue that Congress intended to preempt state law under either the ADA, the Rehabilitation Act, or the First Amendment.[4] Because the Plaintiffs are not seeking a judgment under a state law that has been preempted by federal law, the artful pleading doctrine does not apply.[5]

### C. The Federal Claim Preclusion Argument

The Defendant also argues that "[t]he existence of a prior federal judgment against Plaintiffs dismissing retaliation claims arising out of the same nucleus of

---

[3] "Supreme Court decisions finding complete preemption 'share a common denominator: exclusive federal regulation of the subject matter of the asserted state claim, coupled with a federal cause of action for wrongs of the same type.'" *Maine Mun. Ass'n v. Mayhew*, 64 F. Supp. 3d 251, 268 (D. Me. 2014) (quoting *Lopez–Munoz v. Triple–S Salud, Inc.*, 754 F.3d 1 (1st Cir.2014)).

[4] *See, e.g.,* 42 U.S.C. § 12201(b) ("Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any. . . law of any State . . . that provides greater or equal protection . . . [than] afforded by this chapter.); *Rossello-Gonzalez v. Calderon-Serra*, 398 F.3d 1, 12 (1st Cir. 2004) ("[T]he United States Constitution cannot be said to wholly preempt the [state's] grant of similar rights under its own Constitution."); *Thompkins v. United Healthcare of New Eng., Inc.,* 203 F.3d 90, 96 (1st Cir. 2000) ("The ADA . . . contemplates that state laws will contribute to the overall federal enforcement regime."); *Ellenwood v. Exxon Shipping Co.,* 984 F.2d 1270, 1274-1278 (1st Cir. 1993) (no intent by Congress in enacting the Rehabilitation Act to preempt state law).

[5] The First Circuit has suggested that it is "skeptical of the applicability of the artful pleading doctrine outside of complete federal preemption of a state cause of action." *Rossello-Gonzalez*, 398 F.3d at 12.

operative facts [as the present claims] gives rise to federal question jurisdiction in its own right." Def.'s Obj. 6. This argument is squarely foreclosed by *Rivet v. Regions Bank of La.*, in which the Supreme Court held that "claim preclusion by reason of a prior federal judgment is a defensive plea that provides no basis for removal under § 1441(b)."[6] 522 U.S. at 477.

D.  **The Embedded Federal Question Doctrine**

Finally, the Defendant argues that each of the Plaintiffs' state law claims has an embedded federal question. When no federal question appears on the face of a complaint, there is a "second (and far more rare) category" of federal question jurisdiction. *R.I. Fishermen's All., Inc. v. R.I. Dep't Of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009). It "involves embedded federal questions; that is, suits in which the plaintiff pleads a state-law cause of action, but that cause of action 'necessarily raises a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (alteration omitted) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)).

A federal issue is necessarily raised where "vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9. In *Grable*, for example, the plaintiff's state law claim to quiet title to land that the IRS had seized from the plaintiff and sold turned on whether the IRS had

---

6  When the Supreme Court decided *Rivet*, 28 U.S.C. § 1441(b) provided for removal based on a federal question; the statute has since been amended and § 1441(b) now provides for removal based on diversity of citizenship. Removal based on a federal question is now addressed at 28 U.S.C. § 1441(a).

provided proper notice as required by federal statute. The Supreme Court held that there was federal question jurisdiction because "the meaning of the federal [notice statute is] an essential element of [the plaintiff's] quiet title claim." *Grable*, 545 U.S. at 315. Put another way, the plaintiff would not be able to prevail without proving the meaning of the federal statute. *See id.* But the "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986). I examine each of the Plaintiffs' state law claims in search of a necessary federal element.

1. **MCRA**

The MCRA provides for claims of interference "with the exercise or enjoyment by any other person of rights secured by the United States Constitution or the laws of the United States or of rights secured by the Constitution of Maine or laws of the State." 5 M.R.S. § 4682. The Plaintiffs allege in their Amended Complaint that "Quirion engaged in activity protected by the First Amendment to the United States Constitution," and "Quirion engaged in activity protected by federal and state laws, including the IDEA, the ADA, and Section 504, and state special education laws." Am. Compl. ¶¶ 125-26. The Amended Complaint's reference to state laws means that "[t]he claims, therefore, could be decided without reference to federal law." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 163 (3d Cir. 2014), *aff'd on other grounds*, 136 S. Ct. 1562 (2016). Because the Plaintiffs could prevail on their state law claim if the Defendant interfered with activity protected under state law, the claim does not, therefore, *necessarily* raise a federal issue. *See Grable*, 545 U.S. at 315 ("[T]he question is, does a state-law claim necessarily raise a stated federal

issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.").

### 2. Abuse of Process

The claim for abuse of process requires the Plaintiffs to show "that a defendant: (i) initiated or used a court document or process in a manner not proper in the regular conduct of proceedings, (ii) with the existence of an ulterior motive, and (iii) resulting in damage to the plaintiff." *Tanguay v. Asen*, 722 A.2d 49, 50 (Me. 1998). The Amended Complaint alleges that the Defendant's ulterior motive was to "prevent [the Plaintiffs] from exercising their First Amendment rights." Am. Compl. ¶ 104. This does not lead to arising under jurisdiction because only an "ulterior" motive is required and *not* a motive to act in a manner that violates the law. *See Saliem v. Glovsky*, 172 A. 4, 6 (Me. 1934) ("The bad intent must culminate in an actual abuse of the process by perverting it to a use . . . which the process was not intended by law to effect."). While the determination of an ulterior motive may focus on improper acts, there is no required analysis of the unlawfulness of those acts. *See id.*, at 7. In *Advanced Construction Corp. v. Pilecki*, for example, the Law Court sustained a verdict for abuse of process where a home builder filed a lien on a property in an attempt to secure payment from the landowner for services for which he had already received payment. 901 A.2d 189, 197 (Me. 2006). The Law Court held that there was sufficient evidence of ulterior motive—or, in the words of the *Saliem* Court, "bad intent"—without any discussion of the lawfulness of the motive. In fact, the jury had found that the home builder was not liable for the landowner's fraud claims.

Even though the Plaintiffs' Amended Complaint alleges specifically that the Defendant intended to interfere with their First Amendment rights, for the Plaintiffs to succeed in establishing an abuse of process, they do not need to prove that a violation of the Plaintiffs' First Amendment rights occurred. Just like the landowner in *Advanced Construction*, they need only show that the Defendant, in utilizing judicial process, was not motivated by securing the adjudication of her claim. *See* 901 A.2d at 197. Accordingly, the abuse of process claim does not necessarily raise a federal issue.

### 3. Wrongful Use of Civil Proceedings

The common law tort of wrongful use of civil proceedings "exists where (1) one initiates, continues, or procures civil proceedings without probable cause, (2) with a primary purpose other than that of securing the proper adjudication of the claim upon which the proceedings are based, and (3) the proceedings have terminated in favor of the person against whom they are brought." *Pepperell Tr. Co. v. Mountain Heir Fin. Corp.*, 708 A.2d 651, 656 (Me. 1998). Violation of federal law is not an element of the offense and the Plaintiffs have not pleaded a violation of their federal rights in these counts. *See* Am. Compl. ¶¶ 108-122.

Because I find that the federal laws referred to in the remaining state claims are not necessary elements of those causes of action, I conclude that the Plaintiffs' remaining claims do not arise under the Constitution or federal laws.[7]

---

[7] In addition to finding that the federal questions raised are not necessary elements of the remaining state claims, I would also find that they are not substantial to the federal system as a whole. *See Gunn v. Minton*, 568 U.S. 251, 260-62 (2013). In evaluating substantiality, I do not look to the importance of the issue to the parties, but rather the importance of the issue to the federal system. *Id.*

## II. Supplemental Jurisdiction

The Defendant argues that, even given my finding that I no longer have original jurisdiction over the case, I should exercise supplemental jurisdiction under 28 U.S.C. § 1367 to decide the Plaintiffs' state law claims. I disagree. Where a plaintiff has dismissed the federal claims that provided the basis for removal from state court, a district court should weigh "the values of judicial economy, convenience, fairness, and comity in [deciding] whether to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988). "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Id.* (footnote omitted). The Plaintiffs dismissed their federal claims early in the litigation after the Defendant's motion to dismiss, there has been no discovery, and the Maine courts are competent to decide questions of state law and apply federal res judicata doctrine.[8] I accordingly decline to exercise my supplemental jurisdiction and remand the case to state court.

---

at 260. Factors to consider in determining substantiality include the presence of a federal actor and a federal statute, applicability to future cases and whether the question is purely legal or fact-intensive. *Id.* at 260-62; *Empire Healthchoice Assur., Inc. v. McVeigh,* 547 U.S. 677, 700 (2006).

Unlike the question of whether a special education student has a right to wear a recording device at school, the question of whether a teacher, allegedly acting outside of her employment, interferes with a parent's rights to petition the District and to criticize the teacher, by filing notice of a civil action in state court does not raise a question that is important to the federal system as a whole. The alleged actor is a private party, there is no allegation about "the action of any federal department, agency, or service," the question is "fact-bound and situation specific," and the actions of a private party allegedly misusing the state civil process do not impact significant federal interests. *See Empire,* 547 U.S. at 700.

[8] The Defendant argues that because I presided over the Plaintiffs' prior litigation that allegedly provides the same factual basis as the counts presented in the Plaintiffs' Amended Complaint, judicial

## CONCLUSION

For the reasons stated above, the Court **GRANTS** the Plaintiffs' motion to remand.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 16th day of January, 2019.

---

economy is best served by my exercising supplemental jurisdiction. The Defendant has presented no caselaw to support the position that previous litigation may be a significant factor in my decision to exercise supplemental jurisdiction in this case. The Supreme Court's comfort with state courts applying federal res judicata doctrine suggests otherwise. *See Rivet*, 522 U.S. at 478 (federal res judicata defense does not provide basis for removal of state law claims). The Defendant also maintains that I should consider the Plaintiffs' manipulative tactics in amending their Complaint to remove the federal cases of action to defeat federal jurisdiction. But, the Plaintiffs are "master[s] of the claim" who are entitled to rely on state law, *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987), and they are allowed to plead in the alternative. I decline to find that their decision to so plead here, even given the rapid choice to dismiss their federal claims, was made in bad faith.